^Peck, J.
delivered the opinion of the court.
The authority to sue as an executor, must appear of record, that is, the probate of the will, the qualification of the executor, and his admission to the office by the grant of letters testamentary, must appear of record. What are letters testamentary is the question. Lord Ellenborough, in the case of Eldon vs. Kiddel, said, that letters of administration were only a copy of the original minutes of the court, drawn up in a more formal manner, and this was the evidence produced on all occasions. Again, in Lewis vs. Bragg, it is said that the evidence of the administration is proved under the seal of the court, and this must be produced unless lost. 8 East’s Rep. 189.
But aside from what may be the law of other countries, the question presented must depend upon our statute of 1809. Whether or not it has been the practice in North Carolina to make out and give to the executor, in the form of a commission, letters testamentary, as the evidence of authority to exercise the duties of an executor, is not material to be considered. The practice may not, and probably never has been uniform, either in North *29 Carolina or in Tennessee. The record of ihe court con taining the will, its proof, the qualification of the executor, which is proof of his admission, is proof as full and conclusive of the grant of the office, as any amplification of the same matter in the form of letters issued by the cleric.
The act of assembly which decides the case before us, provides, “that where any executor or executors may prove the last will and testament of any deceased person, and may1 have taken upon him or themselves the execution of said will, in any state in the United States, or in any territory thereof, such person or persons shall be entitled to prosecute suits in any court in this State, in the same manner as if letters testam entary had been granted to him or them by any court in the State of Tennessee; provided always, that such executor or executors shall produce a certified copy of the letters testamentary, under the hand and seal of the clerk of the court where the same were obtained, and a certificate of the chief justice, presiding judge, or chairman of such court, that the clerk’s certificate is in due form; and that such letters testamentary had been granted in pursuance of, and agreeably to the laws of the State or Territory in ■which such letters testamentary were granted.
This act establishes an authority in those who stand in the fiduciary character of executors in other States and Territories, to appear in our courts and prosecute suits, the same as if instituted in the State or Territory where the letters were granted. This act on the part of this State, was a just and liberal provision. The arduous, and too often thankless office, filled by executors, was thus rendered more easy; they were disenthralled from an almost insurmountable difficulty in the enforcement of honest claims, situated as the present would have been without this act. A course equally liberal and just, pursued by the several plates and Territories would, of course, give to our citizens under like circumstances, *30 like advantages abroad, when their rights for the want of it might otherwise be jeopardised.
As to the construction to be given to the act, none farther is deemed necessary. The letter is plain, and the requirements easily filled. A comparison of the record when produced, with the act, is the test, and its fitness to such requirements determines the question. The record offered is, in our opinion, full; it is the evidence the act contemplates, and by it, under the provisions of the act, the plaintiffs stand in our courts as if the suit had been instituted in the courts of the State of North Carolina. Under the issue, the judge should have admitted the record as evidence to the jury. The rejection of it being error, the judgment must be reversed, and the cause remanded for a new trial.
Judgment reversed.